FILED

06 200?

CLERK, US DISTRICT COURT, WDNY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -v-

ADRIAN MORROW,

        Defendant.

95-CR-208-A

---

### PLEA AGREEMENT

The defendant, ADRIAN MORROW, and the United States Attorney for the Western District of New York (hereinafter "the government"), hereby enter into a plea agreement with the terms and conditions as set out below.

#### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant will admit Charge No. 4 in the Third Amended Petition for Offender Under Supervision, ordered on December 6, 2007, which carries a maximum possible sentence of a term of imprisonment of 2 years and 8 months, and, if less than the maximum authorized term of imprisonment is imposed, a term of supervised release of 4 years and 8 months, less any term of imprisonment that is imposed upon revocation of supervised release.

2. The defendant understands that, pursuant to Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure, the defendant has the right to a revocation hearing regarding the charges set forth in the Petition for Offender Under Supervision, and is further entitled: (1) to written notice of the alleged violation; (2) to disclosure of the evidence against the defendant; (3) to appear and present evidence on the defendant's behalf; (4) to question adverse witnesses; and (5) to be represented by counsel. The defendant also understands that at such a hearing it would be the government's burden to prove the charged violation by a preponderance of the evidence. The defendant acknowledges and understands these rights, and waives them voluntarily and of the defendant's own free will.

**FACTUAL BASIS**

3. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty:

    a. On October 17, 1997, the defendant was sentenced by the Honorable John T. Elfvin, to a term of imprisonment of 57 months and a term of supervised release of four (4) years. As a mandatory condition of supervised release, it was ordered that the shall not commit another Federal, State, or Local Crime. On February 8, 2002, the defendant's conditions of supervised release were modified to include mental health treatment. On December 27, 2002, the defendant's conditions were again modified to include twenty (20) hours of

community service. On November 14, 2003, the defendant's term of supervised release was revoked for failure to submit monthly supervision reports. He was sentenced to four (4) months custody and five (5) years supervised release. The special conditions of the defendant's supervised release included one (1) month of electronic monitoring. The defendant failed to voluntarily surrender to serve his four (4) month sentence, and on July 7, 2006, was taken into custody by the United States Marshal Service, and ordered to serve the four (4) month term of imprisonment. The defendant began serving his most recent term of supervised release on November 1, 2006.

b. The defendant listed 319 Edison Avenue, Buffalo, New York, as his residence on the monthly supervision reports he submitted to the United States Probation office for the months of August, 2007 and September, 2007. On September 13, 2007, the defendant stated to Buffalo Police officers that he resided at 147 Wright Drive, Upper, Buffalo, New York, and that he had resided there for several months. The defendant failed to notify the United States Probation office of his change of his residence on the monthly supervision reports, in violation of mandatory standard condition 6 of the defendant's supervised release.

## II. SENTENCING GUIDELINES

4. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

5.  The government and the defendant agree that Guidelines § 7B1.1(a)(3) applies to the violation and that the violation is a grade C violation. The defendant has a criminal history category of II and the Guidelines range for imprisonment is 4 to 10 months.

6.  The defendant understands that the Court must consider imposing a sentence within the above range, but the Court is not bound by this range and may impose any sentence of imprisonment it deems reasonable up to 2 years and 8 months.

7.  The defendant understands that the Probation Office will make an independent determination of the defendant's sentencing range and that the Court will ultimately determine the appropriate sentence. The defendant will not be entitled to withdraw the plea of guilty because of the sentence imposed by the Court.

### III.  GOVERNMENT RIGHTS AND RESERVATIONS

8.  The defendant understands that the government has reserved the right to:

4

      a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

      b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

      c.    advocate for a specific sentence within the guidelines range, and in particular, a sentence of imprisonment of ten (10) months;

      d.    modify its position with respect to any recommendation the government agreed to make or not oppose in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation.

9.    At sentencing, the government will move to dismiss the remaining charges in the Third Amended Petition for Offender Under Supervision.

### IV. APPEAL RIGHTS

10.    The defendant agrees that the defendant will not appeal a sentence of imprisonment imposed by the Court which falls within or is less than the sentencing range for imprisonment set forth in Section II, paragraph 5, above, notwithstanding the manner in which the Court determines the sentence.

11. The government agrees not to appeal a sentence of imprisonment imposed by the Court which falls within or is greater than the sentencing range for imprisonment set forth in Section II, paragraph 5, above, however determined by the Court. In the event of an appeal from the sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence. Further, the government otherwise reserves all of its rights of appeal as provided for in the Sentencing Reform Act of 1984.

## V. TOTAL AGREEMENT AND AFFIRMATIONS

12. This plea agreement represents the total agreement between the defendant, ADRIAN MORROW, and the government. There are no promises made by anyone other than those contained in this agreement.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: *[signature]*
MARY C. BAUMGARTEN
Assistant U.S. Attorney

December 6, 2007

I have read this agreement, which consists of seven (7) pages. I have had a full opportunity to discuss this agreement with my attorney, ROXANNE MENDEZ-JOHNSON, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

*[signature]*
ADRIAN MORROW
Defendant

Dated: December 6, 2007

*[signature]*
ROXANNE MENDEZ-JOHNSON, Esq.
Attorney for the Defendant

Dated: December 6, 2007